**In re LOUIS J. PEARLMAN ENTERPRISES, INC., Debtor.**

**Soneet R. Kapila, Trustee, Plaintiff,**

v.

**Deutsche Bank AG, et al., Defendants.**

**Bankruptcy No. 6:07–BK–01505–ABB. Adversary No. 6:07–AP–00045–ABB.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

May 2, 2008.

Denise D. Dell–Powell, Akerman Senter-fitt, Orlando, FL, Gregory M. Garno, Paul J. Battista, Genovese Joblove & Battista PA, Miami, FL, for Plaintiff.

Deutsche Bank AG, New York, NY, pro se.

Lawrence M. Kosto, Kosto & Rotella PA, Orlando, FL, Albert E. Ford, II, Albert E. Ford II PA, Lake Mary, FL, for Defendants.

### MEMORANDUM OPINION AND ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the: (i) Motion for Partial Summary Judgment (Doc. No. 51) filed by Soneet R. Kapila, the Plaintiff and Chapter 11 Trustee of the above-captioned Chapter 11 case ("Trustee") seeking partial summary judgment on Counts II, III, and IV of his Second Amended Complaint (Doc. No. 43) ("Complaint"); (ii) the Trustee's two Supplements to his Motion for Partial Summary Judgment (Doc. Nos. 66, 68); (iii) the Memorandum in Opposition to Motion for Summary Judgment and the supporting Affidavit of Louis Van Balen (Doc. Nos. 61, 60) filed by German Invest UND Finanzberatung GMBH ("German Invest"), a Defendant herein; and (iv) the Motion to Strike the Trustee's Affidavit (Doc. No. 62) filed by German Invest.

Hearings were held on February 7, February 15, and March 18, 2008 at which counsel for the Trustee and counsel for German Invest appeared. The parties were directed on February 15, 2008 to file and serve by March 7, 2008 exhibit and witness lists, statements as to the subject matter of the witnesses' testimony, and available trial dates. German Invest did not comply with the February 15, 2008 directive. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

### FINDINGS OF FACT

Louis J. Pearlman Enterprises, Inc. ("LJPE, Inc.") and various other entities either owned or controlled by Louis J. Pearlman ("Pearlman") were placed into receivership by the Florida State Court in February 2007. Gerard A. McHale, Jr. was appointed the Receiver ("Receiver") of the receivership entities and was vested with broad powers including:

> all rights, power and authority over the corporate governance of the Receivership Entities ... and specifically including the authority to file a voluntary petition under Title 11 of the United States Code.[1]

Louis J. Pearlman Enterprises, LLC ("LJPE, LLC") was brought into the receivership by the Florida State Court and the Receiver's powers were expanded to include that entity.[2]

The Receiver, pursuant to his authorized powers, placed LJPE, Inc. into a voluntary Chapter 11 bankruptcy on April 18, 2007 *(In re Louis J. Pearlman Enterprises, Inc.)* and LJPE, LLC into a voluntary Chapter 11 bankruptcy on May 3, 2007 *(In re Louis J. Pearlman Enterprises, LLC,* 6:07–bk–01779–ABB). Involuntary bankruptcy petitions were filed against Pearlman and Pearlman-related entities in early March 2007 and numerous other Pearl-

---

**1.** Doc. No. 51, Exh. C February 2, 2007 State Court Order at § VI.

**2.** *Id.* March 8, 2007 State Court Order at p. 3, ¶ 3.

man-entities were placed in bankruptcy throughout 2007.

The bankruptcy cases have been consolidated for procedural purposes and joint administration with *In re Louis J. Pearlman*, Case No. 6:07–bk–00761–ABB designated as the lead case.[3] The Trustee has been appointed the trustee in virtually all of the cases including the Pearlman, LJPE, Inc., and LJPE, LLC cases.

This Adversary Proceeding was initiated against Deutsche Bank AG ("Deutsche"), Bank of New York ("BNY"), Foreign Currency Exchange Corporation ("FCEC"), and German Invest to recover a wire transfer of $250,000.00 and to determine the ownership of LJPE, LLC.

The wire transfer of the $250,000.00 (the "Funds") was initiated on or about April 1, 2007 with the funds to be deposited into Deutsche Account No. 224047100005, IBAN # DE72320700240224–047100, BIC # DEUTDEDB328, located in Germany. The transfer was initiated after an involuntary bankruptcy had been filed against Pearlman and he had fled the United States while an arrest warrant was pending against him. Pearlman was apprehended by federal authorities in mid-June 2007 and indicted by a federal grand jury in the United States District Court for the Middle District of Florida, Orlando Division on June 27, 2007. He pled guilty to criminal fraud, conspiracy, and other crimes on March 6, 2008 and is being held by federal authorities. The sentencing hearing is set for May 21, 2008.

FCEC, its customer bank BNY, and the correspondent bank Deutsche were the banks involved in the wire transfer. German Invest is a foreign entity that holds itself out as a bank or financial institution. The Funds were in transit from FCEC to the Deutsche account when the transfer was discovered. The Trustee asserts the "Funds constitute property of the bankruptcy estate of LJPE, LLC and/or Pearlman and/or LJPE . . . ."[4]

An injunction was entered on April 19, 2007 freezing the Funds and prohibiting their transfer or dissipation. BNY, who had possession of the Funds, paid $249,979.50 into the Registry of the Court and was dismissed from this Adversary Proceeding.[5] FCEC and Deutsche have been cooperative. Approximately $251,891.47, plus accruing interest, is in the Court's Registry for this matter.

German Invest is the only defendant that asserts an interest in the Funds and remains a litigant in this proceeding. German Invest contends it is the rightful owner of the Funds pursuant to a purported transfer of the ownership of LJPE, LLC to it.

The Trustee's Complaint is comprised of five counts:

(i) Count I seeks preliminary and permanent injunctive relief pursuant to 11 U.S.C. Section 105(a) enjoining the transfer, encumbrance, or dissipation of the Funds. This count is moot by virtue of the continuing injunction issued on April 19, 2007.

(ii) Count II seeks turnover of the Funds as property of the estate pursuant to 11 U.S.C. Section 542(a) plus entry of a money judgment of $250,000.00 with interest and payment of the Trustee's costs.

---

3. Doc. No. 228 Order Granting Trustee's Motion for Joint Administration of Cases entered on July 31, 2007 in the Pearlman Case.

4. Second Amended Complaint at ¶ 13.

5. Doc. No. 40 (Order granting BNY's motion to deposit funds into the Registry and dismissing BNY with prejudice).

(iii) Count III seeks a declaratory judgment declaring the Funds belong to the Trustee.

(iv) Count IV seeks a declaratory judgment against German Invest declaring it owns no interest in LJPE, LLC, the purported transfer of ownership of the entity to German Invest is void or voidable, and the Trustee holds all outstanding membership rights in the entity.

(v) Count V seeks to aside the purported transfer of ownership of LJPE, LLC to German Invest as a fraudulent transfer made with the actual intent to defraud, hinder, or delay creditors.

German Invest filed an Answer denying virtually every allegation, including jurisdictional and procedural allegations. The Trustee seeks summary judgment on Counts II, III, and IV of his Complaint. German Invest opposes summary judgment through its Memorandum in Opposition to Motion for Summary Judgment and its accompanying Affidavit of Louis Van Balen.

### German Invest's Motion to Strike and Trustee's Supplements

German Invest filed a Motion to Strike the Trustee's Affidavit asserting the Affidavit does not comply with Federal Rule of Civil Procedure 56(e). The Trustee's Affidavit is sworn, is based on the Trustee's personal knowledge of facts gained through carrying out his duties as Trustee, sets forth facts that would be admissible in evidence, and the Trustee is competent to testify on the matters set forth in the Affidavit. German Invest has failed to establish a basis for striking the Trustee's Affidavit. Its Motion to Strike is due to be denied.

The Trustee filed two Supplements to his Motion for Partial Summary Judgment.

German Invest had opportunity to respond to the Supplements, but filed no response. The first Supplement seeks the additional relief the Court take judicial notice of the Plea Agreement executed by Pearlman on February 26, 2008 ("Plea Agreement") in which Pearlman pled guilty to Counts One, Two, Three, and Four of the United States' First Superseding Information. The Trustee contends the Plea Agreement constitutes admissible evidence pursuant to Federal Rules of Evidence 801(d)(2)(A) and 804(b)(3) and establishes grounds for granting the Trustee summary judgment.

The second Supplement sets forth further argument as to the admissibility of the Plea Agreement, pinpoints inconsistencies between the Van Balen Affidavit and the Plea Agreement, and details German Invest's failures to comply with the Court's February 15, 2008 trial disclosure directives. The Trustee requests, in addition to the relief sought in his Motion for Partial Summary Judgment, the Van Balen Affidavit be stricken and a default judgment be entered against German Invest.

The Court is not persuaded the Plea Agreement is necessary in determining the Motion for Partial Summary Judgment. The Court takes judicial notice of the existence of the Plea Agreement, but does not take judicial notice of its contents as adjudicative facts and declines to admit the Plea Agreement as evidence at this time.

German Invest failed to comply with the Court's February 15, 2008 directive requiring the parties to file and serve by March 7, 2008 exhibit and witness lists, statements as to the subject matter of each witness' testimony, and available trial dates. The Court informed the parties it would hold a further status conference on March 18, 2008. A telephonic status conference was held on March 18, 2008 at which counsel for the Trustee and counsel for German Invest appeared. German In-

vest stated no witnesses will appear on behalf of German Invest.

German Invest did not file or serve by March 7, 2008, or at any time thereafter, the required pretrial information, nor has it communicated with the Trustee regarding such information. German Invest failed to comply with the Trustee's discovery requests causing the Trustee to file a Motion to Compel Production (Doc. No. 22). German Invest has prevented the efficient and expeditious resolution of this proceeding.

The Trustee requests the Van Balen Affidavit be stricken and a default judgment be issued against German Invest as sanctions for its failure to comply with the February 15, 2008 directive. The Court declines at this time to sanction German Invest for its dilatory conduct.

### *Ownership of LJPE, LLC: Count IV*

This adversary proceeding involves two core issues: (i) the ownership of LJPE, LLC; and (ii) ownership of the Funds. LJPE, LLC is a Florida limited liability company formed by Pearlman and LJPE, Inc. on November 14, 2003 of which LJPE, Inc. owned a 99% membership interest and Pearlman owned a 1% membership interest.[6] An Operating Agreement executed on November 14, 2003 governs LJPE, LLC.[7] The Operating Agreement has not been amended or repealed.

German Invest asserts Pearlman, as the Managing Member of LJPE, LLC, transferred all ownership rights in LJPE, LLC to German Invest on August 9, 2006. German Invest produced three documents, purportedly dated August 9, 2006, in support of its assertion: (i) a letter from Pearlman to German Invest stating, "This letter shall serve as confirmation of transfer of all ownership rights in Louis J. Pearlman Enterprises, LLC to German Invest und Finanzberatung GmbH as of this day above written."[8]; (ii) a document titled Transfer of Ownership Interest executed by Pearlman individually and as "Managing Member"[9]; and (iii) Board of Directors Resolution executed by Pearlman as "Secretary, Sole Director and Officer and Managing Member."[10] The documents set forth Pearlman was to remain the Managing Member and engage in the day-to-day affairs of LJPE, LLC.

LJPE, Inc. did not execute any of these documents. It has not been established consideration was given for the purported membership interest transfer.

The purported transfer of LJPE, LLC to German Invest violates clear and unambiguous provisions of the Operating Agreement. The Operating Agreement required the written consent of LJPE, Inc., as the majority Member holding a 99% membership interest, for the transfer of a membership interest in the LLC:

A. *Restriction of Transfers of Membership Interest.* Except as otherwise permitted in Subsections 15.C and D below, a Member may not transfer, assign or encumber or otherwise dispose of all or any part of his Membership interests in the Company *without first obtaining the written consent of Members holding not less than a majority-in-interest of the Membership Interests of the Company.*[11]

---

6. Doc. No. 51, Exhs. A, B.

7. Doc. No. 51, Exh. B.

8. Doc. No. 51, Exh. D.

9. Doc. No. 51, Exh. E.

10. Doc. No. 51, Exh. F.

11. Doc. No. 51, Exh. B at p. 16, § 15(A) (*emphasis added*).

Subsections 15.C. (death of a member) and 15.D. (assignment to a family trust) are not applicable to this proceeding. Section 20 contains a merger provision: "No termination, revocation, waiver, modification or amendment of this Agreement shall be binding unless agreed to and in writing and executed by all of the Members." [12]

The Operating Agreement requires four prerequisites be met to substitute in an assignee as a new Member: (i) the assignor provides an "instrument of assignment"; (ii) "the assignee agrees in writing to be bound by the terms of this Agreement and the Articles, as amended to the date thereof"; (iii) "consent to such assignment has been obtained from Members owning a majority-in-interest of the Membership Interests of the Company"; and (iv) "the assignee pays the reasonable costs incurred by the Company in preparing and recording any necessary amendments to this Agreement and the Articles." [13]

The Operating Agreement is binding on all successors:

> ***Binding Effect.*** This Agreement shall be binding upon, and shall inure to the benefit of the parties hereto and their respective successors, assigns ... and legal representatives.[14]

The Operating Agreement is to "be interpreted and construed in accordance with the laws of the State of Florida." [15]

The purported August 9, 2006 transfer did not comply with the terms of the Operating Agreement. LJPE, Inc. did not execute any writing consenting to the purported transfer to German Invest. It did not execute any writing consenting to the termination, revocation, waiver, modification, or amendment of the Operating Agreement. The four prerequisites for substitu-

tion of a Member were not met. German Invest did not execute a writing agreeing to be bound by the Operating Agreement. A majority of the Members did not consent to the purported transfer. German Invest did not pay any costs relating to the purported transfer.

The purported transfer is void and of no effect pursuant to the Operating Agreement. No interest in LJPE, LLC was transferred to German Invest. LJPE, Inc. continues to have a 99% ownership interest in LJPE, LLC, which interest constitutes property of the LJPE, Inc. bankruptcy estate, and Pearlman continues to have a 1% ownership interest in LJPE, LLC, which interest constitutes property of the Pearlman bankruptcy estate. The Trustee, as the trustee of the LJPE, Inc. and Pearlman estates, owns the membership interests in LJPE, LLC.

The various rights provided to LJPE, Inc. and Pearlman as members of LJPE, LLC pursuant to the Operating Agreement, including voting rights, management rights, profit rights, constitute property of the LJPE, Inc. and Pearlman bankruptcy estates.

The Trustee has established no genuine issues of material fact exist and he is entitled to judgment as a matter of law as to Count IV of the Complaint. German Invest has not established specific facts showing the existence of a genuine issue of fact for trial. Summary judgment on Count IV of the Complaint is due to be granted in favor of the Trustee.

### Ownership of the Funds: Counts II and III

The Trustee seeks a determination he is the owner of the Funds and is entitled to

---

**12.** *Id.* at p. 20, § 20.

**13.** Doc. No. 51, Exh. B at p. 15, ¶ 15.B.

**14.** *Id.* at p. 20, ¶ 21.

**15.** *Id.* at p. 20, ¶ 19.

their turnover. The wire transfer arose from the sale of an asset owned by LJPE, LLC to an entity named Kolel Beth Yechiel Mechil of Tartikov ("Kolel") in March 2007. LJPE, LLC owned a 24.138% membership interest in Trans Continental Communications, LLC, n/k/a MUB Holdings, LLC ("TCC"), which in turn owned a 60.0001% membership interest in Trans Con Mobile, LLC ("Trans Con"). Trans Con is a privately owned company involved in the research and development of wireless telephone technology.

LJPE, LLC, through Pearlman, entered into an Interest Purchase Agreement with Kolel on March 13, 2007 for the sale of LJPE, LLC's interest in Trans Con to Kolel for $1,000,000.00. Pearlman directed Kolel to transfer the purchase price to German Invest and not to LJPE, LLC. Kolel initiated the wire transfer the $250,000.00 to German Invest as partial payment for the purchase of the Trans Con interest.

LJPE, LLC was entitled to payment of the purchase price and the Funds are the property of LJPE, LLC. The Funds constitute property of the LJPE, LLC estate. The Trustee, as the trustee of LJPE, LLC, owns the Funds.

The Trustee has established no genuine issues of material fact exist and he is entitled to judgment as a matter of law as to Counts II and III of the Complaint. German Invest has not established specific facts showing the existence of a genuine issue of fact for trial. Summary judgment on Counts II and III of the Complaint is due to be granted in favor of the Trustee.

## CONCLUSIONS OF LAW
### Plea Agreement and Trustee's Affidavit

 The Trustee requests the Court take judicial notice of the Plea Agreement and its contents as adjudicative facts and seeks its admission as evidence. Federal Rule of Evidence 201(b) allows a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute...."[16] A court has "wide discretion to take judicial notice of facts," but the process is highly limited and such discretion must be exercised with caution. *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC,* 369 F.3d 1197, 1204–05 (11th Cir. 2004). The Court takes judicial notice of the existence of the Plea Agreement pursuant to Federal Rule of Evidence 201(b), but does not take judicial notice of its contents as adjudicative facts. The Plea Agreement shall not be admitted into evidence at this time.

 German Invest requests the Trustee's affidavit be stricken. Federal Rule of Civil Procedure 56(e) requires supporting and opposing affidavits in a summary judgment matter "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."[17] The Trustee's Affidavit meets the requirements of Rule 56(e). German Invest has not established a basis for striking the Trustee's Affidavit.

### Trustee's Sanctions Request

German Invest did not file or serve the required pretrial disclosures by March 7, 2008, or at any time thereafter, nor has it communicated with the Trustee regarding

---

16. To meet this standard, the fact must either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).

17. Rule 56 is applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056.

such information. It has failed to comply with the Trustee's discovery requests and has delayed these proceedings. It has engaged in dilatory conduct throughout these proceedings.

■ Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A) provide for the imposition of sanctions against a party who fails to comply with a pretrial order or engages in dilatory conduct. Trial courts have "discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *U.S. v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir.2003). The Court declines at this time to impose sanctions against German Invest for its dilatory conduct.

### Summary Judgment Standard

The Trustee seeks summary judgment on Counts II, III, and IV of his Complaint pursuant to Federal Rule of Civil Procedure 56(c). Granting summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c) (2007). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The non-moving party, after a movant makes a properly supported summary judgment motion, must establish specific facts showing the existence of a genuine issue of fact for trial. Fed.R.Civ.P. 56(e). The non-moving party may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court determining entitlement to summary judgment must view all evidence and make reasonable inferences in favor of the party opposing the motion. *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir.1995).

### Ownership of LJPE, LLC: Count IV

■ The documentary evidence submitted by the parties establishes the ownership of LJPE, LLC has not changed since its formation in November 2003 whereby LJPE, Inc. holds a 99% membership interest and Pearlman holds a 1% membership interest in LJPE, LLC. The purported transfer by Pearlman on August 9, 2006 of the membership interests in LJPE, LLC to German Invest is void and of no effect pursuant to the provisions of the Operating Agreement.

The Operating Agreement governs LJPE, LLC and its terms are plain and unambiguous. It was not amended or repealed. A written operating agreement, pursuant to Fla. Stat. Section 608.423(1), governs the affairs of a Florida limited liability company and takes precedence over any oral agreements and the Florida Limited Liability Company Act, except to the extent it violates any provision of Fla. Stat. Section 608.423(2). The provisions of the Operating Agreement relevant to this proceeding do not violate any provision of Fla. Stat. Section 608.423(2).

The purported transfer to German Invest violated Sections 15.A., 15.B., and 20 of the Operating Agreement and is null and void. LJPE, Inc. continues to have a 99% ownership interest in LJPE, LLC, which interest constitutes property of the LJPE, Inc. bankruptcy estate pursuant to 11 U.S.C. Section 541(a), and Pearlman continues to have a 1% ownership interest in LJPE, LLC, which interest constitutes property of the Pearlman bankruptcy es-

tate pursuant to 11 U.S.C. Section 541(a). The Trustee, as the trustee of the LJPE, Inc. and Pearlman estates, owns the membership interests in LJPE, LLC.

The rights provided to LJPE, Inc. and Pearlman as members of LJPE, LLC by the Operating Agreement, including voting rights, management rights, and profit rights, constitute property of the LJPE, Inc. and Pearlman bankruptcy estates pursuant to 11 U.S.C. Section 541(a).

The Trustee has established no genuine issues of material fact exist and he is entitled to judgment as a matter of law as to Count IV of the Complaint. German Invest has not established specific facts showing the existence of a genuine issue of fact for trial. Judgment in favor of the Trustee and against German Invest on Count IV shall be entered.

### Ownership of the Funds: Counts II and III

■ The wire transfer initiated by Kolel constitutes partial payment of the purchase price of LJPE, LLC's interest in Trans Con. The Funds constitute proceeds of sale of the Trans Con interest and LJPE, LLC was entitled to the Funds, but Pearlman attempted to divert the Funds to German Invest. The Funds constitute property of the LJPE, LLC estate pursuant to 11 U.S.C. Section 541(a). The Trustee, as the trustee of the LJPE, LLC estate, is entitled to turnover of the Funds pursuant to 11 U.S.C. Section 542(a).

The Trustee has established no genuine issues of material fact exist and he is entitled to judgment as a matter of law as to Counts II and III of the Complaint. German Invest has not established specific facts showing the existence of a genuine issue of fact for trial. Summary judgment on Counts II and III of the Complaint is due to be granted in favor of the Trustee.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that German Invest's Motion to Strike the Trustee's Affidavit (Doc. No. 62) is hereby **DENIED;** and it is further

**ORDERED, ADJUDGED and DECREED** that the Trustee's request (Doc. Nos. 66, 68) the Court take judicial notice of the Plea Agreement is **GRANTED WITH THE LIMITATION** judicial notice is taken of the existence of the Plea Agreement, but not of its contents as adjudicative facts; and it is further

**ORDERED, ADJUDGED and DECREED** that the Trustee's Motions for Default Judgment Against German Invest and to Strike the Van Balen Affidavit (Doc. No. 68) are hereby **DENIED;** and it is further

**ORDERED, ADJUDGED and DECREED** that the Trustee's Motion for Partial Summary Judgment (Doc. No. 51) is hereby **GRANTED** and summary judgment is hereby entered in favor of the Trustee on Counts II, III, and IV of the Second Amended Complaint (Doc. No. 43); and it is further

**ORDERED, ADJUDGED and DECREED** that the funds held in the Registry of the Court constitute property of the LJPE, LLC estate pursuant to 11 U.S.C. Section 541(a) and the Clerk of this Court is hereby directed, pursuant to 11 U.S.C. Section 542(a), to release and disburse forthwith from the Registry of the Court the amount of $251,891.47 together with all accrued interest, less the Clerk's statutory administrative fee attributable to this sum, to Soneet R. Kapila, Chapter 11 Trustee, Kapila & Company, 1000 S. Federal Highway, Suite 200, Fort Lauderdale, Florida 33316; and it is further

**ORDERED, ADJUDGED and DECREED** that the Trustee's request for fees and costs is hereby **DENIED;** and it is further

**ORDERED, ADJUDGED and DE-CREED** that the Trustee is hereby directed to file and serve within fourteen (14) days of the entry of this Order a statement setting forth whether a final evidentiary hearing is requested on the remaining count of the Second Amended Complaint (Count V, with Count I being moot) or if this Adversary Proceeding is due to be closed.

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

## JUDGMENT

This matter came before the Court on the: (i) Motion for Partial Summary Judgment (Doc. No. 51) filed by Soneet R. Kapila, the Plaintiff and Chapter 11 Trustee of the above-captioned Chapter 11 case ("Trustee") seeking partial summary judgment on Counts II, III, and IV of his Second Amended Complaint (Doc. No. 43) ("Complaint"); the Trustee's two Supplements to his Motion for Partial Summary Judgment (Doc. Nos. 66, 68); (ii) the Memorandum in Opposition to Motion for Summary Judgment and the supporting Affidavit of Louis Van Balen (Doc. Nos. 61, 60) filed by German Invest UND Finanzberatung GMBH ("German Invest"), a Defendant herein; and (iv) the Motion to Strike the Trustee's Affidavit (Doc. No. 62) filed by German Invest. Hearings were held on February 7, February 15, and March 18, 2008 at which counsel for the Trustee and counsel for German Invest appeared.

After reviewing the pleadings and evidence, receiving affidavits and exhibits, and in conformity with and pursuant to the **Memorandum Opinion and Order** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED and DE-CREED** that **JUDGMENT** is hereby entered, in favor of the Plaintiff Soneet R. Kapila, Chapter 11 Trustee, as to Counts II, III, and IV of the Plaintiff's Second Amended Complaint; and it is further

**ORDERED, ADJUDGED and DE-CREED** that Soneet R. Kapila, Chapter 11 Trustee, is entitled to the funds held in the Registry of the Court for this case in the amount of $251,891.47 together with all accrued interest, less the Clerk's statutory administrative fee attributable to this sum.